STATE OF MINNESOTA                                       DISTRICT COURT

COUNTY OF RAMSEY                                  SECOND JUDICIAL DISTRICT

---

|                                        | Case Type: Employment        |
| Jeremy Thoen,                          | Court File No.:_____ |
|             Plaintiff,                 |                              |
|        v.                              | **SUMMONS**                  |
| NewTeam LLC,                           |                              |
|             Defendant.                 |                              |

---

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1.   **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2.   **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.**  You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3.   **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4.   **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.**  If you do not Answer within 21 days, you will lose this case.  You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint.  If you do not want to contest the claims stated in the Complaint, you do not need to respond.  A Default Judgment can then be

**EXHIBIT A**

entered against you for the relief requested in the Complaint.

5.      **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.      **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.


Dated: May 27, 2021                          AHLBERG LAW, PLLC


                                             */s/ Braden D. Ahlberg*
                                             Ryan H. Ahlberg (#0386520)
                                             Braden D. Ahlberg (#0402335)
                                             Union Plaza Building, Suite 300
                                             333 Washington Avenue North
                                             Minneapolis, Minnesota  55401
                                             (612) 900-2269
                                             rahlberg@ahlberglaw.com
                                             bahlberg@ahlberglaw.com
                                             Attorneys for Plaintiff


## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.


Dated: May 27, 2021                          */s/ Braden D. Ahlberg*
                                             Braden D. Ahlberg (#0402335)

**EXHIBIT A**

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF RAMSEY                         SECOND JUDICIAL DISTRICT

---

|                                  | Case Type: Employment            |
| Jeremy Thoen,                    | Court File No.:_____ |
|           Plaintiff,             |                                  |
|       v.                         | **COMPLAINT**                    |
| NewTeam LLC,                     |                                  |
|           Defendant.             |                                  |

---

Plaintiff Jeremy Thoen, as and for his Complaint against Defendant NewTeam LLC, states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiff Jeremy Thoen (hereinafter "Thoen" or "Plaintiff") is an individual residing in Kanabec County, Minnesota.

2.  Defendant NewTeam LLC (hereinafter "NewTeam") is a Minnesota limited liability company and maintains a registered office located at 2345 Rice Street, Suite 230, Roseville, MN 55113.

3.  Venue is proper pursuant to Minn. Stat. § 542.09.

4.  Jurisdiction is proper pursuant to 29 U.S.C. § 2617(a)(2).

### FACTUAL ALLEGATIONS

5.  Thoen began working for NewTeam, which, upon information and belief, owns

**EXHIBIT A**

and operates a manufacturing company commonly known as Teamvantage, on or around June 13, 2011, as a maintenance technician.

6.  In 2020 and 2021, Thoen earned about $28.00 per hour and worked about fifty to sixty hours per week.

7.  On or around December 8, 2020, at about 5:00 pm, Thoen was working by himself in the maintenance office when he blacked out for several minutes.

8.  Thoen came to, waited for a little bit, then went outside and took his mask off. Thoen then told another maintenance employee, Cody White, what had happened and that he was going to the hospital.

9.  Thoen drove himself to and checked into an emergency room in Wyoming, Minnesota. Thoen was admitted to the hospital at about 5:30 pm.

10. Thoen was diagnosed with severe claustrophobia. The emergency room doctor told Thoen that his blood pressure was so high that he was at risk of having a stroke. Thoen's blood pressure stabilized and he was allowed to leave the hospital.

11. Thoen returned to NewTeam at around 9:00 pm. Thoen told his coworkers he was leaving and left a note explaining what had happened with a third shift maintenance worker to give to his supervisor.

12. The next day, on or around December 9, 2020, Shelly Bruno (hereinafter "Bruno"), the NewTeam Human Resources Supervisor, called Thoen. Bruno

2

**EXHIBIT A**

recommended to Thoen that he take leave under the federal Family Medical Leave Act (hereinafter "FMLA") and apply for short-term disability benefits.

13.   Thoen agreed over the phone with Bruno's suggestions. Bruno emailed Thoen the necessary documents to inform NewTeam he was taking FMLA leave and to apply for short-term disability.

14.   Thoen filled out the paperwork and faxed them to his doctor. The documents were provided to Bruno, and Bruno distributed the documents for Thoen's short term disability.

15.   About three weeks later, Thoen began receiving short-term disability payments and a short-term disability backpay to the date his leave began.

16.   During Thoen's FMLA leave, he continued to meet with his doctor via Zoom. Thoen was prescribed medication which helped his blood pressure stay down.

17.   Thoen was approved by his doctor to return to work with restrictions. The restrictions were no overtime work and no vigorous physical activity.

18.   Thoen is also a member of a protected class of the basis of disability, as that term is defined by the Minnesota Human Rights Act (hereinafter, "MHRA").

19.   Thoen returned to work at NewTeam on Friday February 5, 2021.

20.   Immediately upon his return to NewTeam, Thoen experienced disrespectful treatment from his management and was treated completely differently than he had been during his almost ten years of employment at NewTeam before he took

EXHIBIT A

FMLA leave.

21.   Thoen met with his supervisor, Zach Romanski (hereinafter "Romanski"), about his return to work. Romanski was accompanied by a new Human Resources employee, Hannah Wheeler (hereinafter "Wheeler"), who Thoen had not previously met. Upon information and belief, Bruno had instructed Romanski to have Wheeler with him when he met with Thoen.

22.   During this meeting with Romanski and Wheeler, Thoen was treated as if he had done something wrong, whereas before he took leave, Thoen was a well regarded and highly trusted employee.

23.   Thoen was asked to work on Saturday, February 6, the day after his return to work. Thoen worked the second shift on Friday, February 5, from 4:00 pm to 12:00 am. He was expected to be back at work at 9:00 am on Saturday, February 6.

24.   Thoen was exhausted after his first day back at work and returning home after 12:00 am, and overslept on Saturday morning.

25.   Thoen was written up for his no show on Saturday. This was the first time Thoen had received any formal discipline at NewTeam.

26.   Before taking his FMLA leave, Thoen had frequently worked on Saturdays. He had also not shown up to work on Saturdays in the past but was never disciplined for this behavior.

**EXHIBIT A**

27. About two weeks later, Thoen was written up for logging overtime hours. Thoen's restrictions from his doctor included no overtime, and Wheeler informed Thoen that the company could get in trouble for him taking overtime against his restrictions.

28. Thoen, during his entire tenure at NewTeam, had come in about twenty to thirty minutes early to get the shift handoff from the first shift. Thoen was not told to discontinue doing so upon his return from FMLA leave nor had ever been disciplined for doing so before his FMLA leave.

29. Thoen was also disciplined at this time for things that he did not do. He was told that he had been engaging in horseplay and had thrown something at work. Thoen disagreed with this discipline, informed Wheeler that he had not done those things, and noted on his written discipline that he disagreed with those descriptions.

30. The following week, Thoen was again written up for horseplay and slamming a broom against a wall, and Wheeler asked him to stop doing it. Theon told Wheeler that he wasn't sure how to stop doing things that he wasn't doing. Thoen asked Wheeler who had reported him for horseplay and slamming a broom against a wall, and Wheeler did not give Thoen any further information. Wheeler told Thoen that the comments were coming from supervisors and that she was supposed to trust what supervisors told her.

5

31.   Thoen had a private conversation with Wheeler where she told him she wanted to follow up on his discipline. Wheeler informed Thoen that people were telling her that he was being violent - an accusation which Thoen denied.

32.   Thoen was written up again, this time for taking personal time before working. Thoen, before taking his FMLA leave, had asked for and received permission to change into and out of work clothes before and after his shift. Thoen regularly did so, taking him about ten minutes before and after his shift. Thoen had never been disciplined for this before taking FMLA leave. In the write up, Thoen was told that he was taking twenty to thirty minutes of personal time before his shift. Thoen disagreed with this, and explained that he only took a short amount of time to change clothes, for which he had received permission.

33.   On March 30, 2021, Thoen went to work at the normal time. Romanski immediately approached Thoen and asked if he had a minute. Thoen followed Romanski to his office, where Romanski gave Thoen a sheet of paper and told Thoen he was being terminated. Wheeler was also present at this meeting.

34.   Theon asked why he was being terminated. Thoen was told the reason was that he was not changing his behavior after being disciplined for horseplay, and for not meeting requirements for work ethic. Thoen asked what requirements he was supposed to be meeting because he had been doing his job with the same competence as before he took FMLA leave, and the only difference was that he

6

was working fewer hours because he was restricted from working overtime.

35.  Thoen informed Wheeler and Romanski that he didn't understand how he could be terminated for something not true that somebody else reported about him engaging in Horseplay. Romanski and Wheeler would not tell Thoen of any specific things he had done which they considered horseplay and for which they were terminating him.

36.  Thoen put in writing in the comment section of his termination paperwork that the reasons given for his termination were not true and that he disagreed with the termination. After he finished writing, Thoen was walked out of NewTeam.

37.  Thoen requested copies of his write-ups and termination paperwork as he was leaving but was refused.

38.  Thoen expected to retire working at NewTeam and had informed management of his plans. As a result of his unexpected termination, Thoen has been thrust into financial uncertainty and emotional distress. Thoen has been forced to apply for unemployment benefits and has been unable to find a new job. Thoen is worried that he will be unable to pay his mortgage while on unemployment and be forced to sell his home to avoid foreclosure.

39.  As a direct and proximate result of NewTeam's conduct, Thoen has suffered damages, including but not limited to, economic damages, liquidated damages, costs of suit, and attorney's fees.

**EXHIBIT A**

## CAUSE OF ACTION I
### FMLA Discrimination (29 U.S.C. § 2615(a)(2))

40.   Paragraphs 1 through 39 are incorporated herein by reference.

41.   An FMLA discrimination claim arises when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1006 (8th Cir. 2012).

42.   Thoen engaged in statutorily-protected conduct and exercised rights to which he was entitled under the FMLA when he took time off to deal with his medical condition and returned to work with restrictions.

43.   NewTeam terminated Thoen, an adverse employment action.

44.   There is a causal connection between Thoen's statutorily-protected conduct and NewTeam's adverse employment action.

45.   As a direct and/or proximate result of NewTeam's conduct, Thoen has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

## CAUSE OF ACTION II
### Unfair Employment Practice - Discriminatory Discharge
### *(Minn. Stat. § 363A.08 Subd. 2)*

46.   Paragraphs 1 through 45 are incorporated herein by reference.

47.   Thoen is a member of a protected class on the basis of disability as that term is defined by the MHRA, and was qualified to do his job with or without reasonable

EXHIBIT A

accommodation.

48.   NewTeam's persistent and pervasive discriminatory and adverse employment actions, ultimately leading to Thoen's termination, constituted discrimination on the basis of disability.

49.   Upon information and belief, Thoen was replaced, and/or his work was reassigned, to a non-member of the protected class.

50.   As a direct and/or proximate result of Tri City's conduct, James has suffered damages in excess of $50,000 to be proved with further specificity at trial.

### CAUSE OF ACTION III
### Unfair Employment Practice - Reprisal
### (*Minn. Stat. § 363A.15*)

51.   Paragraphs 1 through 50 are incorporated herein by reference.

52.   Thoen is a member of a protected class on the basis of disability as that term is defined by the MHRA, and was qualified to do his job with or without reasonable accommodation.

53.   Thoen, as more fully described herein, engaged in statutorily-protected conduct as described herein when he took short-term disability.

54.   NewTeam's actions with respect to the terms and conditions of Thoen's employment subsequent to his return from leave were adverse employment actions.

55.   Thoen's statutorily-protected conduct and NewTeam's adverse employment

9

EXHIBIT A

action are causally connected.

56.  As a direct and/or proximate result of NewTeam's conduct, Thoen has suffered damages in excess of $50,000 to be proved with further specificity at trial.

**WHEREFORE**, Thoen requests a **JURY TRIAL** on his claims and judgment against NewTeam as follows:

1.  As to Cause of Action I, for judgment in favor of Thoen in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

2.  As to Cause of Action II, for judgment in favor of Thoen in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order directing NewTeam to cease and desist from unfair employment practices, to pay civil penalties, and any other appropriate legal or equitable relief pursuant to *Minn. Stat. § 363A.29 Subds. 3 through 6*. Thoen intends to move to amend his Complaint to assert a claim for punitive damages;

3.  As to Cause of Action III, for judgment in favor of Thoen in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order directing NewTeam to cease and desist from unfair employment practices, to pay civil penalties, and any other appropriate legal or equitable relief pursuant to *Minn. Stat. § 363A.29 Subds. 3 through 6*. Thoen intends to move to amend his Complaint to assert a claim for punitive damages;

EXHIBIT A

4.      For Thoen's costs, disbursements and attorney's fees incurred herein;

5.      For such other and further relief as the Court deems just and equitable.


Dated: May 27, 2021                         AHLBERG LAW, PLLC


                                            */s/ Braden D. Ahlberg*
                                            Ryan H. Ahlberg (#0386520)
                                            Braden D. Ahlberg (#0402335)
                                            Union Plaza Building, Suite 300
                                            333 Washington Avenue North
                                            Minneapolis, Minnesota  55401
                                            (612) 900-2269
                                            rahlberg@ahlberglaw.com
                                            bahlberg@ahlberglaw.com
                                            Attorneys for Plaintiff


## **ACKNOWLEDGEMENT**

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.


Dated: May 27, 2021                         */s/ Braden D. Ahlberg*
                                            Braden D. Ahlberg (#0402335)


11

EXHIBIT A